**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE:                                                )| Chapter 11 |
| ASTROPOWER LIQUIDATING             )| Case No. 04-10322(MFW) |
| TRUST, f/k/a ASTROPOWER,           ) | |
| INC.,                                               ) | |
| Debtor.                   ) | |
| ─────────────────────────── ) | |
| ASTROPOWER LIQUIDATING             ) | |
| TRUST, f/k/a ASTROPOWER,           ) | |
| INC.,                                               ) | |
| Plaintiff,               ) | |
| v.                                     ) | Adversary No. 05-50867 |
| XANTREX TECHNOLOGY, INC.;          ) | |
| MOSSADIQ S. UMEDALY; RAYMOND       ) | |
| JAMES LTD.; MERRILL LYNCH          ) | |
| ASSET MANAGEMENT; and              ) | |
| MERRILL LYNCH INVESTMENT           ) | |
| MANAGERS LIMITED,                  ) | |
| Defendants.            ) | |
| ─────────────────────────── | |

**MEMORANDUM OPINION**[1]

Before the Court is the Motion of Xantrex Technology, Inc.,
Inc. ("Xantrex") and Mossadiq S. Umedaly (collectively, the
"Defendants") to Dismiss the Amended Complaint for Failure to
State a Claim and the Response thereto filed by the AstroPower
Liquidating Trust (the "Plaintiff").  For the reasons set forth
below, the Court will deny the Motion.

─────────────────

[1]  This Opinion constitutes the findings of fact and conclusions
of law of the Court pursuant to Fed. R. Bankr. P. 7052.

I.    BACKGROUND

The relevant background and procedural history are stated in the Court's Opinion of December 22, 2005, AstroPower Liquidating Trust v. Xantrex Tech., Inc. (In re AstroPower Liquidating Trust), 335 B.R. 309, 315-19 (Bankr. D. Del. 2005).

Since that time, the Plaintiff has filed an Amended Complaint, removing the counts dismissed by the Court and naming the alleged third-party purchaser of the Debtor's Xantrex stock as an additional defendant.  The Amended Complaint is similar to the original Complaint in all other relevant respects.

The Defendants filed the instant motion on February 9, 2006, and asked for oral argument.  The Plaintiff opposed the Motion and the request for oral argument.  After reviewing the parties' briefs, the Court concludes that oral argument is unnecessary. This matter is ripe for decision.

II.    JURISDICTION

This is a core matter over which the Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(B) & (H).  AstroPower, 335 B.R. at 322.

III. DISCUSSION

The Defendants contend that the Amended Complaint fails to allege any facts indicating that they were "transferees" of the

2

Debtor's property or that they benefitted in any way from the
transfer.  While they acknowledge that the Amended Complaint
alleges a transfer of the Debtor's "Xantrex Stock directly to
Xantrex" (¶ 45), the Defendants argue that the remaining
allegations make clear that Xantrex was a "mere conduit" for the
transfer of the stock.  See, e.g., Christy v. Alexander &
Alexander Inc. (In re Finley, Kumble, Wagner, Heine, Underberg,
Manley, Myerson & Casey), 130 F.3d 52, 57 (2d Cir. 1997) (holding
that a "mere conduit" is not a "transferee").  Accordingly, even
if an avoidable transfer occurred, the Defendants believe that
dismissal is warranted under Rule 12(b)(6) because the transfer
would not be recoverable from them under section 550(a) of the
Bankruptcy Code.

The Plaintiff argues that the Defendants are barred from
challenging the adequacy of the pleadings in light of the Court's
earlier denial of Defendant RJL's motion to dismiss, which had
raised the same issues.

The Court rejects this argument.  That a complaint states a
valid claim against one defendant does not mean it states a valid
claim against all defendants.

The Plaintiff argues next that Xantrex's "mere conduit"
argument is an affirmative defense that is properly raised in a
summary judgment motion but not in a Rule 12(b)(6) motion to
dismiss.

The Court agrees.  For the purposes of this motion to
dismiss, the Court must accept as true the Plantiff's allegation
that Xantrex received blank-endorsed stock from the Debtor.
AstroPower, 335 B.R. at 332.  The Defendants' assertion that
Xantrex lacked dominion and control over this stock because it
was contractually obligated to pass it along to the third-party
purchaser, even if true, is not apparent from the face of the
Amended Complaint.  See, e.g., PBGC v. White Consol. Indus. Inc.,
998 F.2d 1192, 1196 (3d Cir. 1993) ("To decide a motion to
dismiss, courts generally consider the allegations contained in
the complaint, exhibits attached to the complaint and matters of
public record.").

The Plaintiff argues further that, accepting as true the
allegation that the transfer of the stock was "for the benefit of
the Defendants," the Amended Complaint states a valid claim.

The Court agrees.  "Dismissal is appropriate only if it
appears beyond doubt that the Plaintiff can prove no set of facts
in support of its claim that would entitle it to relief."
AstroPower, 335 B.R. at 332.  It is conceivable that the
Defendants benefitted in some way from the transfer of the
Debtor's Xantrex stock.  "To dismiss the [Amended] Complaint
merely because it does not allege a specific benefit received by
[the Defendants] would be inappropriate in light of the liberal

pleading standard applicable to avoidance actions brought by estate representatives." <u>Id.</u> at 334.


IV.  <u>CONCLUSION</u>

For the reasons set forth above, the Court will deny the Defendants' motion to dismiss.  An appropriate order is attached.


                                   BY THE COURT:


Dated: April 19, 2006              Mary F. Walrath
                                   United States Bankruptcy Judge